UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIAMA TOURAY GUMANEH,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ, et al.,<br><br>Respondents. | CASE NO. C26-2767-BAT<br><br>**ORDER PROVISIONALLY GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER AND AMENDING SCHEDULING ORDER** |

Petitioner moves for a temporary restraining order (TRO). Dkt 7. For the following reasons, the Court provisionally **GRANTS** Petitioner's motion for a TRO and **AMENDS** the briefing schedule to align briefing on the TRO motion and the habeas petition.

**DISCUSSION**

Petitioner, a native and citizen of The Gambia, was granted withholding of removal by an immigration judge (IJ) in 2012 and has been annually reporting to U.S. Immigration and Customs Enforcement (ICE) pursuant to an Order of Supervision (OSUP) since March 2019. Dkt. 1, at 2–3; Dkts. 1-3, 1-4. She is the beneficiary of an approved I-130 Petition filed by her adult U.S. citizen daughter and has a pending application for adjustment of status (I-485) based on the approved petition with U.S. Citizenship and Immigration Services (USCIS). Dkt. 1, at 2–

3; Dkts. 1-10, 1-11. Petitioner has been detained at the Northwest ICE Processing Center in Tacoma, Washington since August 4, 2026, when she was taken into custody with no explanation. *See* Dkt. 1 at 4. Petitioner, with the assistance of counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking her release on the following grounds: her detention violated her constitutional right to due process, the law, and applicable regulations because Respondents improperly revoked her OSUP; she has been granted withholding of removal and cannot be removed to The Gambia; she may not be removed to a third country without notice and an opportunity to be heard regarding risk of harm; her application for adjustment of status remains pending; and she was entitled to notice and a pre-deprivation hearing prior to being detained. *See* Dkt. 1 at 5. After Respondents filed a Notice of Intent to Remove, Petitioner moved for a TRO prohibiting her removal and releasing her from custody. *See* Dkts. 5, 7.

Petitioner raises serious questions going to the merits of her claim that her re-detention violated due process by, for instance, failing to comply with the regulations governing re-detention of noncitizens subject to an order of supervision. *See* Dkt. 1 at 5; *see also* 8 C.F.R. § 241.4(l); 8 C.F.R. § 241.13(i); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (discussing the "sliding scale" approach to preliminary injunctive relief). Moreover, while Respondents indicate that Petitioner is scheduled for removal at some time in August 2026, they are barred from removing her to The Gambia because an IJ granted Petitioner withholding of removal to The Gambia. Dkt. 1, at 5; Dkt. 1-3 at 2; Dkt. 5, at 2. Respondents do not indicate in their Notice of Imminent Removal which country they intend to remove her to, or whether they have complied with the due process requirements for third country removals. Dkt. 5-1, at 2; *see Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025).

Therefore, to preserve the Court's jurisdiction over this matter pending resolution of the merits of Petitioner's claims, the Court will provisionally enjoin Petitioner's transfer or removal from the Western District of Washington until further order of the Court. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve . . . jurisdiction over the matter.").

Additionally, rather than adjudicate the merits of Petitioner's claims via a TRO motion separate from the underlying petition, the Court will order Respondents to file a combined return to the petition and opposition to the TRO motion by August 25, 2026. Petitioner will have until August 31, 2026 to file her traverse or reply.

**CONCLUSION**

Accordingly, the Court **ORDERS** that:

1. Petitioner's motion for TRO (Dkt. 7) is provisionally **GRANTED**.
2. Respondents are **PROHIBITED** from removing Petitioner from the United States or this jurisdiction—the Western District of Washington—without further order of this Court.
3. To facilitate efficient resolution of this case and the TRO motion, the briefing schedule on Petitioner's habeas petition is **AMENDED** as follows:
    a. Respondents shall file a return to the petition that also addresses issues raised by the TRO motion no later than **August 25, 2026**.
    b. Petitioner shall file a traverse or reply no later than **August 31, 2026**.
4. This Order will expire 14 days from its entry. The Court will entertain a motion to convert the temporary restraining order into a preliminary injunction.

DATED this 20th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge